# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0315, <u>Samantha Vary v. Zachary Snyder</u>, the court on June 12, 2024, issued the following order:**

The court has reviewed the written arguments and record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). Following a hearing in the Circuit Court (<u>Guptill</u>, J.), the defendant-landlord, Zachary Snyder, was found to have violated RSA 540-A:3, I (2021) by willfully failing to repair hot water service to the plaintiff-tenant, Samantha Vary, after receiving notice that it was defective. We affirm.

The trial court found, or the record supports, the following facts. The landlord turned off two water valves to stop a leak from pipes connected to the tenant's unit on February 5, 2023. Later that day the cold water in the tenant's apartment came back on, but the hot water did not. On February 25, the tenant informed the landlord by email that she did not have hot water. The landlord took no steps to repair the problem until he was served with the court's temporary order on March 21, 2023. The landlord testified that he then spoke to a contractor about doing repairs, but that he did not have the money to do them. When asked how much he was quoted, the landlord stated that the cost was unknown. The court found that the landlord took no additional steps to begin remedying the problem, and did not provide the tenant with an alternative source of hot water. The court ruled that "the Landlord's failure to take even the most basic steps to remedy the hot water problem constitutes a 'willful failure to repair a tenant's utility service after being put on notice of the defect in service' that violates [RSA] 540-A:3, I." The landlord was ordered to restore hot water service, and the tenant was awarded statutory damages of $1,000 for the initial violation and $23,000 for the 23 days that the violation continued after the landlord was served with the court's temporary order on March 21.

The landlord moved for reconsideration, arguing that the interruption in hot water was due to the tenant's negligence in leaving windows open during the winter and failing to turn the heat on in the apartment. The trial court denied the motion, stating that "the evidence presented at the hearing did not support the landlord's contention that the tenant caused damage to the pipes."

On appeal, the landlord argues: (1) the trial court erred in finding that he willfully violated RSA 540-A:3, I, because the interruption to the hot water was caused by the tenant's improper use of the heating system; and (2) the trial court erred in ruling that the evidence did not support the landlord's contention that the tenant caused damage to the pipes.

We begin with the second issue. The landlord is arguing, in essence, that the evidence compelled a finding that the tenant's actions caused the disruption to the hot water. In this landlord-tenant appeal taken under RSA chapter 540-A, the legislature has prescribed the standard of review that applies: "The findings of fact shall be final but questions of law may be transferred to the supreme court in the same manner as from the superior court." RSA 540-A:4, V (2021). "By the statute's plain terms, review is limited and, as to factual findings, it is highly deferential." Magee v. Cooper, 174 N.H. 647, 650 (2021).

The landlord points to evidence that during the morning of February 4, the tenant emailed him to say that the heat in her apartment was not working. The landlord checked the furnace, and the tenant reported at 1:48 p.m. the same day that the heat had clicked on. The landlord also relies upon his testimony that the tenant "was leaving windows open throughout the winter," and that by closing herself in her bedroom, "she was not allowing heat to circulate the apartment."

The trier of fact is in the best position to measure the persuasiveness and credibility of evidence and is not compelled to believe even uncontroverted evidence. We defer to the trial court's resolution as to the credibility of witnesses and the weight to be given evidence. See DeLucca v. DeLucca, 152 N.H. 100, 102 (2005). Having reviewed the record on appeal, we are not persuaded that the trial court was compelled to find that the tenant caused damage to the pipes or that the interruption to the hot water was caused by the tenant's improper use of the heating system. Nor are we persuaded that the evidence compelled a finding that the interruption in hot water was the result of the tenant's negligence. Thus, we need not address the landlord's argument that it would be "unjust to hold that a landlord is required to repair a utility that breaks because of misuse or negligence on the part of the tenant," and we affirm.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**